## GRIER *v.* CASTLE.

*(Circuit Court, W. D. Pennsylvania.   August 10, 1883.)*

1. PATENTS FOR INVENTIONS—DESCRIPTION.

   All that the law requires of an inventor of a machine is that he shall describe the manner of making, constructing, and using it in such full, clear, concise, and exact terms as will enable any one skilled in the art to which it appertains to make, use, and construct the same, and construct the same, and shall explain the principle thereof, and the best mode in which he contemplated applying that principle, so as to distinguish it from other inventions.

2. SAME—MODIFICATIONS—SPECIFICATIONS.

   A patentee is not generally limited by the literal import of his description of his invention, but may, in construction, make such modifications of it as do not involve a departure from its principle, or a material change in its mode of operation.

3. SAME—INFRINGEMENT.

   It is generally true that when a patentee describes a machine and then claims it as described, he is understood to intend to claim, and by law does actually cover, not only the precise forms he has described, but all other forms which embody his invention ; and to copy a principle or mode of operation described is an infringement, although such copy is totally unlike the original in form or proportions.

In Equity.

*Bakewell & Kerr,* for complainant.

*George H. Christy,* for defendant.

MCKENNAN, J. The decision of this case turns upon the construction which may be given to the complainant's patent. If the scope of its claims is restricted by descriptive limitations, which the respondent's counsel contends are imposed upon it, the respondent is not an infringer. If it is susceptible of a construction, however, which will give full effect and protection to the distinctly stated principle of the invention, and the results of its operation as described in the specification, the complainant is entitled to a decree.

The invention described in the patent is an "improvement in vehicle

running gear." It consists of three essential elements,—a pair of parallel top springs to be attached to the upper side of the bolster and hind axle; a pair of bottom springs running diagonally from below the king-bolt at the front to each hind axle, "close to the shoulder,", and hung directly under the hind axle,—these springs thus forming "a direct brace, keeping the carriage in proper shape, and, at the same time, said springs having their bearings at the rear ends wider than the bearings of the body, prevents any roll of the body by the weight being thrown suddenly from one side to the other;" and a stay rigidly attached to the body and both sets of springs, running "from the center of the top springs down to the centers of the bottom springs, and then up to the center in the bottom of the body, making just as much spring in the bottom springs as there is in the top springs, holding the axles at all times plumb up and down, without any roll of the axles."

"Perfect tracking of the wheels, harmony of action of the springs, and prevention of lateral motion and rocking of the body," are the results alleged to be accomplished by this organization.

The specification of this patent says that the bottom springs should be attached to the rear axle "close to the shoulder," and hence it is argued that these words, in connection with the terms of the claims, preclude any departure from that point of attachment, and that a structure, the bottom spring gearing of which is attached to the rear axle at a point nearer to its center, is not within the protection of the patent.

All that the patent law requires of an inventor of a machine is that he shall describe the manner of making, constructing, and using it in such full, clear, concise, and exact terms as will enable any one skilled in the art to which it appertains to make, use, and construct the same, and shall explain the principle thereof, and the best mode in which he contemplated applying that principle, so as to distinguish it from other inventions, etc. Under these provisions, it has been held that a patentee is not generally limited to the literal import of his description of his invention, but that, in construction, he may make such modifications of it as do not involve a departure from its principle, or a material change in its mode of operation. In *Winans* v. *Denmead*, 15 How. 342, the court say:

"It is generally true, when a patentee describes a machine and then claims it as described, that he is understood to intend to claim, *and does by law actually cover, not only the precise forms he has described, but all other forms which embody his invention;* it being a familiar rule that to copy a principle or mode of operation described is an infringement, although such copy should be totally unlike the original in form or proportions."

The proofs in this case abundantly show that an attachment of the bottom springs to the rear axle, at a point approximate to its center instead of its shoulder, is a mere matter of structural arrangement, which does not impinge upon the principal mode of operation or re-

sults accomplished by the invention described in the patent; and hence that such structural modification is within the constructive scope of the description. But a patentee may certainly restrict the comprehensiveness of his patent rights by the tenor of his claims. Has he done so in this instance?

The first claim is quite precise in its terms, and claims "the diagonal springs, G, G, running from below the center of the front axle to the ends of the hind axle, and suspended under the same by jacks, a, a, substantially as herein set forth." The argument that by the terms of this claim the point of attachment to the axle is made essential, and that it covers only diagonal springs, attached at the point indicated, is not without great force; but it is unnecessary to determine its construction and effect. The second claim is free from ambiguity, and covers the patentee's invention. It is as follows:

" The combination of the parallel top springs, A, A, the diagonal bottom springs, G, G, and center stay, K, substantially as and for the purposes herein set forth."

It contains no such limitation as is expressed in the first claim. It states the elements of the combination invented, and claims it without qualification, *"substantially* as and for the purposes set forth." It is, therefore, comprehensive enough, as was held in *Winans* v. *Denmead, supra,* to cover not only the precise forms described, but all other forms which embody the invention.

I cannot discover any special difference between the device made and used by the respondent, and that covered by the complainant's patent. Whatever difference there is, is only in arrangement, not in principle. They both embody the same elements, operate in substantially the same way, and produce the same results.

Of the patents—three in number—which are alleged to disprove priority of invention by Jackson, it is unnecessary to speak in detail. They are at least distinguishable from Jackson's invention in this: that they are without an essential and useful element of his combination,—the rigidly attached cross-stay, K,—and therefore do not embody his invention.

There must be a decree for the complainant for an injunction and an account, with costs.